JUSTICE COTTER
dissents.
¶19 I dissent from the Court’s Opinion.
¶20 As the Court notes, the concern we voiced in Hayden was that the *490 prosecutor “unfairly added the probative force of his own personal, professional, and official influence to the testimony of the witnesses.” Hayden, ¶ 33. We said “that it is improper for a prosecutor to offer personal opinions as to witness credibility.” Hayden, ¶ 28. We cited State v. Stringer, 271 Mont. 367, 381, 897 P.2d 1063, 1072 (1995), in which we said the “Court has been unequivocal in its admonitions to prosecutors to stop improper comments and we have made it clear that we will reverse a case where counsel invades the province of the jury.” Hayden, ¶ 28. Unfortunately, the Court now abandons this “unequivocal” high ground.
¶21 I agree with the Court that it is not improper for a prosecutor to comment on conflicts and contradictions in testimony. Opinion, ¶ 14. It is also acceptable to tell the jurors they have a right to believe one witness over another. The breach occurs when the prosecutor attests personally to the veracity of a witness, and tells the jurors whom he personally believes to be telling the truth. This is what occurred in Hayden, leading a unanimous Court to conclude that plain error was established “as the record leaves unsettled the question of the fundamental fairness of the proceedings.” Hayden, ¶ 33. The same result is compelled here.
¶22 Our effort to distinguish Hayden from this case is unavailing. The prosecutor’s comments were replete with his beliefs of who was telling the truth. He told the jury that he did not believe the evidence shows that these officers overreacted, he did not believe the evidence shows there was excessive force, he did not believe the evidence shows that McDonald was injured. He told the jury: “They’re [the officers] coming in and telling you the truth.” He told the jury: “[S]he’s [Pavalone] a completely believable witness.” How is this different from Hayden, in which we faulted the prosecutor for telling the jury that the social worker and the detective are “believable” and that the jury could rely on those witnesses? It isn’t, the Court’s strained distinctions notwithstanding. As we said in Hayden, “[i]t is for the jury, not an attorney trying a case, to determine which witnesses are believable and whose testimony is reliable.” Hayden, ¶ 32.
¶23 In State v. Arlington, 265 Mont. 127, 875 P.2d 307 (1994), we were asked to exercise plain error review after the prosecutor commented on the credibility of the defendant, among other alleged errors. We concluded that the prosecutor did commit error in making such comments but declined to reverse because the evidence against Arlington was “overwhelming.” Arlington, 265 Mont, at 158, 875 P.2d at 325. However, we observed that had there not been overwhelming *491 evidence of Arlington’s guilt, “the prosecution in this case might well be looking forward to a new trial by reason of the prosecutor’s comments.” Arlington, 265 Mont, at 158, 875 P.2d at 325.
¶24 Here, the evidence against McDonald was anything but “overwhelming.” As the Court notes, in fact, the first trial of this case ended with a hung jury. Opinion, ¶ 4. At the close of this trial, the prosecutor acknowledged that a photograph of the officer’s arm “doesn’t really show much of anything.” There being no direct evidence that Pavalone had been bitten, the entire case therefore boiled down to whom the jury would believe-McDonald and her supporting witness, or Pavalone and her supporting witnesses. The prosecutor wrongly inserted himself into this critical determination by telling the jurors which witnesses were believable. It is precisely this type of close case that presents “a clear danger that the jurors adopted the prosecutor’s views instead of exercising their own independent judgment.” Hayden, ¶ 33.
¶25 We err in ignoring our well-reasoned analysis in Hayden and condoning this prosecutor’s repeated invasion of the province of the jury with his personal opinions of witness veracity. I would reverse and remand for a new trial.